Filed 4/12/21  P. v. Alvarado CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER ALVARADO,<br><br>    Defendant and Appellant. | B305318<br><br>(Los Angeles County<br>Super. Ct. No. VA147104) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

Christopher Alvarado appeals the judgment entered after a jury convicted him of multiple sex crimes involving a young child. No arguable issues have been identified following review of the record by Alvarado's appointed appellate counsel or our own independent review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In an information filed in September 2018 Alvarado was charged with four counts of oral copulation or sexual penetration of a child under the age of 10 (Pen. Code, § 288.7, subd. (b)) and 10 counts of forcible lewd conduct with the same child (Pen. Code, § 288, subd. (b)(1)). An amended information filed on December 18, 2019 contained the same 14 charges but amended certain dates to conform to proof.

A month after the original information was filed Alvarado moved to replace his appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. Alvarado complained his lawyer had not been to see him and was aggressive and condescending toward him when they spoke. Counsel responded she had met with Alvarado through video conferences to obtain the information she required for his defense. The court denied the motion, explaining to Alvarado it was not necessary for his lawyer to see him in person to effectively represent him and the fact she might be more courteous toward him did not constitute ineffective assistance of counsel.

On December 13, 2018, after being fully advised of the rights he was waiving, Alvarado insisted on representing himself. The court appointed standby counsel. On May 29, 2019 the court granted Alvarado's request to revoke his self-represented status and reappointed counsel to represent him.

Trial began on December 13, 2019. The jury heard testimony over two days from Valery H., Valery's mother, Los Angeles Sheriff's Detective Tim Abrahams and Los Angeles Sheriff's Deputy Brian Ciscel. Valery was 13 years old at the time of trial.

According to the evidence presented at trial, Valery lived with her mother and her older brother. Alvarado married Valery's mother in 2010 and moved in with the family. Valery was three years old. Alvarado took care of Valery when her mother had work and her brother was at school.

Starting when Valery was six or seven years old, Alvarado began touching Valery's breasts and vagina when no one else was home. On other occasions Alvarado removed Valery's clothes and licked her breasts and vagina. Valery tried moving Alvarado's hands away when he touched her and sometimes ran to her room and locked the door to prevent the abuse. On at least three occasions Alvarado overcame Valery's resistance and took her to her mother's bedroom where he forced her hand to touch his penis. Other times Alvarado pulled down her pants, removed her underwear and touched her legs and buttocks with his penis.

When she was between the age of eight and 10, Valery's mother asked her if anything was going on. Valery, fearful of Alvarado, denied any improper conduct had occurred. When she was in fifth grade, Valery told her teacher that Alvarado had touched her inappropriately. The police were then notified.

When Valery's mother learned of the abuse, she made Alvarado leave the family home. In a series of text messages with Valery's mother, Alvarado acknowledged that what he had done to Valery was wrong and claimed to have accepted responsibility for his conduct.

3

Following Alvarado's arrest Detective Abrahams interviewed him, first advising him of his right to remain silent, to the presence of an attorney and, if indigent, to appointed counsel. (*Miranda v. Arizona* (1966) 384 U.S. 436. A recording of the interview was played for the jurors, who were permitted to follow along with a transcript. During the interview Alvarado denied he had digitally penetrated Valery's vagina but admitted he had touched her vagina between five or 10 times and had put his mouth on her vagina while they were lying on the living room couch on one or two occasions before she turned 10 and once afterward. He also admitted touching her vagina with his penis, "skin-to-skin."

The jury found Alvarado guilty of all 14 charges.

The trial court sentenced Alvarado to an aggregate indeterminate state prison term of 140 years to life. For violating Penal Code section 288, subdivision (b)(1), the court imposed a full consecutive middle term of eight years on each of the 10 counts pursuant to section 667.6, subdivisions (d) and (e)(5), because the offenses involved the same victim on separate occasions. For each of the four counts of violating section 288.7, subdivision (b), the court imposed an additional consecutive term of 15 years to life as specified in that statute.

Alvarado filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Alvarado on appeal. After reviewing the record, counsel filed a brief raising no issues. On November 6, 2020 counsel wrote Alvarado and advised him he had 30 days to submit any contentions or issues he wished us to consider. We sent a similar notice to Alvarado concerning his

4

right to file a supplemental brief on November 9, 2020. We have received no response.

We have reviewed the entire record in this case and are satisfied appellate counsel for Alvarado has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


                                        PERLUSS, P. J.

We concur:



        SEGAL, J.



        FEUER, J.

5